■ In the Matter of BEAL, KAGAN, LENTZ & ROMASCH, P. C., Petitioner, v H. CARL McCALL, Respondent. — Order of the State Division of Human Rights, dated February 9, 1984, finding that petitioner had violated the Human Rights Law (Executive Law, art 15, § 290 *et seq.*) and awarding compensation to complainant reversed, on the law and the facts, the petition granted and the proceeding before State Division of Human Rights dismissed, without costs.

Petitioner is a firm of attorneys. On or about February 8, 1982, it employed the complainant, Chael Ferguson, as a receptionist-file clerk. Like any employee in a small law firm, her duties were many. She did "light" typing, handled the telephones, replaced books in the library, purchased stamps and handled the mail, etc.

At the time of her engagement, the complainant was pregnant, although not noticeably so. No mention was made of the fact at her job interview and no questions were asked with respect thereto.

Approximately one month after the commencement of her employment, the question of complainant's pregnancy arose and she was questioned in connection therewith by Mr. Beal, a partner in the petitioner firm. Some two weeks later, she left her employment.

Although the evidence is conflicting as to what was said when the parties confronted the issue of complainant's pregnancy, the administrative law judge credited the testimony of complainant. Inasmuch as he had the opportunity of observing the demeanor of the witnesses and the manner of their testimony, we accept his finding that when complainant acknowledged her pregnancy Beal stated: "I wish I had known before, or else I would not have hired you". However, the evidence discloses that complainant was never asked to leave nor was she fired. Indeed, the administrative law judge's decision, which was adopted by the State Division of Human Rights, expressly finds that complainant was not "terminated". He endeavors to justify his conclusion of discrimination "because Mr. Beal gave her an unmistakable impression that he was desirous of complainant leaving her employment because she was pregnant".

In the endeavor to justify the findings of the administrative law judge, State Division invokes the doctrine of constructive discharge (*Matter of Imperial Diner v State Human Rights Appeal Bd.,* 52 NY2d 72). This case, however, is a far cry from *Imperial Diner*. Here, no obscenity was hurled at complainant for her failure to disclose her pregnancy at the employment interview. After disclosure of the fact, she was not treated

discourteously. In fact, complainant's testimony indicates that after the disclosure she was treated in the same courteous and businesslike fashion as were all the other employees. There is no intimation that her working conditions had been made more onerous (cf. *Neale v Dillon,* 534 F Supp 1381, affd 714 F2d 116). There is nothing in the record to suggest that, had complainant herself not precipitated the issue of leaving some days after the fact of pregnancy had become known, she would not have continued in her employment until delivery of the child necessitated her resignation. Indeed, there is more than a fleeting suspicion that complainant's quitting was prompted by reasons other than those asserted. Intimations of this appear in her cross-examination.

In these circumstances, we are unable to say that the determination of State Division is supported by substantial evidence (cf. *State Div. of Human Rights v Columbia Univ.,* 39 NY2d 612). Accordingly, we reverse the order of State Division and grant the petition. Concur — Sandler, J. P., Carro, Bloom and Kassal, JJ.